**Courtney LINDE, et al., Plaintiffs,**

v.

**ARAB BANK, PLC, Defendant.**

**No. 04 CV 2799 NG ASC.**

United States District Court,
E.D. New York.

Nov. 29, 2004.

Andrew Friedman, New York, NY, Mark S. Werbner, Dallas, TX, Gary M. Osen, Oradell, NJ, for plaintiff.

Michael Burrows, New York, NY, for defendant.

## MEMORANDUM & ORDER

GERSHON, District Judge.

Plaintiffs sue defendant Arab Bank, PLC, pursuant to 18 U.S.C. § 2333(a), which allows "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs," to sue in United States district court and to recover treble damages. Plaintiffs are a group of American citizens and their estates, survivors, and heirs, who have been victims of terrorist attacks in Israel since September 2000. Defendant is a financial institution headquartered in Jordan with a federally licensed and regulated branch office in New York. On October 5, 2004, plaintiffs moved by order to show cause for a preliminary injunction, seeking to compel defendant to comply with its existing obligation under 18 U.S.C. § 2339B(a)(2) to retain any funds under its control in which it knows a foreign terrorist organization has an interest and to report the existence of such funds to the Secretary of the Treasury.

The request for preliminary injunctive relief is premised on the fifth claim for relief in plaintiffs' First Amended Complaint. This claim alleges that defendant's New York branch office has provided material support to a designated Foreign Terrorist Organization by knowingly transferring funds from and to agents of the Islamic Resistance Movement ("HAMAS"). As part of this claim, plaintiffs allege that defendant failed to retain possession of, or maintain control over, all funds belonging to or destined to be transferred to these agents of HAMAS, and to report to the Secretary of the Treasury the existence of such funds, as it is required to do under 18 U.S.C. § 2339B(a)(2). The preliminary injunction motion seeks solely to enforce these retaining and reporting requirements.

At a hearing on October 7, 2004, I directed the parties to brief the legal question whether injunctive relief was available to plaintiffs on the grounds asserted in the motion. The scheduling of an evidentiary hearing was deferred pending resolution of the legal issues. Because I now conclude that the motion for a preliminary injunction must be denied as a matter of law, no evidentiary hearing is needed, and no factual findings have been made.

## BACKGROUND

The following allegations are taken from the First Amended Complaint and two declarations of Rachel Ehrenfeld, Ph. D., dated October 4, 2004 ("Ehrenfeld Declaration I") and November 3, 2004 ("Ehrenfeld Declaration II"), submitted

by plaintiffs in support of the preliminary injunction motion.

Plaintiffs allege that certain charitable organizations, listed in both the First Amended Complaint and in the Ehrenfeld Declarations, are front organizations for HAMAS that receive money from charitable donations and funnel it to support HAMAS's terrorist activities in Israel. The Ehrenfeld Declarations identify a number of bank accounts maintained at Arab Bank that plaintiffs allege are owned and/or controlled by HAMAS. The Ehrenfeld Declarations also identify twelve individual transactions in which defendant "wired funds from certain notorious 'charitable entities' to, and through, correspondent accounts" maintained at defendant's New York branch to entities alleged by plaintiffs to be HAMAS charity fronts and agents of HAMAS. *See* Ehrenfeld Declaration I, para. 2(b). According to the Ehrenfeld Declarations, defendants knew or had reason to know that these organizations were agents of HAMAS because the Government of Israel named them unlawful organizations as a result of their affiliation with HAMAS; several newspaper articles in the United States and Israel have reported that they were the targets of criminal investigations; and the United States has recently indicted some of them in two criminal cases, one in the Northern District of Texas, and one in the Eastern District of Illinois.

In essence, plaintiffs attempt to show that Arab Bank had, or, as the result of plaintiffs' allegations, now has, sufficient information regarding the organizations which plaintiffs allege are fronts for HAMAS to require Arab Bank to retain possession of the funds in the accounts of those organizations and to report the existence of those funds to the Secretary of the Treasury. Presumably, plaintiffs proffer the existence of the transfers to indicate that the identified accounts were not frozen at the time plaintiffs brought their motion for preliminary injunction.

Plaintiffs allege that preliminary injunctive relief is necessary to prevent imminent, irreparable injury to themselves, American citizens who either reside, or spend a significant amount of time, in Israel and thus are at risk of attack from HAMAS; the public at large; and the security and economic interests of the United States.

## DISCUSSION

Plaintiffs bring their suit under the Anti–Terrorism Act ("ATA" or "the Act"), 18 U.S.C. §§ 2331 *et seq.*, which provides in relevant part:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333(a). One of the purposes of this section is to "interrupt, or at least imperil, the flow of money" going to terrorist activities. *See Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011 (7th Cir. 2002) (citing S. REP. NO. 102–342, at 22 (1992)). The Act defines "international terrorism" as activities that—

> (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
>
> (B) appear to be intended—

(i) to intimidate or coerce a civilian population;

(ii) to influence the policy of a government by intimidation or coercion; or

(iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and

(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18 U.S.C. § 2331(1). International terrorism has been held to include providing material support to a terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). *See Boim,* 291 F.3d at 1014–15.

Section 2339B(a)(2) of the Act sets out certain requirements for financial institutions. It provides that

Except as authorized by the Secretary [of the Treasury], any financial institution that becomes aware that it has possession of, or control over, any funds in which a foreign terrorist organization, or its agent, has an interest, shall-

(A) retain possession of, or maintain control over, such funds; and

(B) report to the Secretary the existence of such funds in accordance with regulations issued by the Secretary.

Subsection (b) of Section 2339B provides for civil penalties against financial institutions for violations of Section 2339B(a)(2), while subsection (e) gives the Attorney General authority to conduct "any investigation of a possible violation of this section, or of any license, order, or regulation issued pursuant to this section." Subsec-

tion (c) deals with injunctions and provides,

Whenever it appears to the Secretary or the Attorney General that any person is engaged in, or is about to engage in, any act that constitutes, or would constitute, a violation of this section, the Attorney General may initiate civil action in a district court of the United States to enjoin such violation.

18 U.S.C. § 2339B(c).

Defendant opposes plaintiffs' motion for a preliminary injunction on three legal grounds. (As noted above, defendant has not as yet been required to address the factual claims made by plaintiffs.) First, defendant argues that the fifth claim in the First Amended Complaint, the sole basis on which plaintiffs are seeking injunctive relief, does not state a claim under Section 2333(a) because a financial institution's failure to comply with the requirements of 18 U.S.C. § 2339B(a)(2) does not give rise to criminal liability. Second, defendant argues that plaintiffs have no express or implied statutory right to seek injunctive relief against it. Finally, defendant argues that the separation of powers doctrine counsels against finding an implied private right to injunctive relief in the ATA. Plaintiffs in response emphasize the court's inherent power to grant equitable relief and argue that Section 2333(a) incorporates traditional principles of tort law including the right to injunctive relief.

■ The only allegation of their fifth claim that plaintiffs pursue in their request for a preliminary injunction is that defendant has failed to comply with Section 2339B(a)(2), and the relief they seek is compliance with that statute.[1] Plaintiffs

---

1. Plaintiffs' proposed order also would require defendant to comply with 31 U.S.C. §§ 5318 and 5318A and 31 C.F.R. §§ 103.11 *et seq.,* which provide that banks must report suspicious activity to the government. However, there is no claim of a violation of these

acknowledge that they are simply attempting to require Arab Bank to comply with its obligation to report and retain funds of a foreign terrorist organization. However, the private right of action in Section 2333(a) arises from injuries caused by an act of international terrorism, which requires, as part of its definition, "a violation of the criminal laws of the United States or of any State." *See* 18 U.S.C. § 2331(1)(A). Thus, there is no claim under Section 2333(a) absent a criminal act. The fifth claim for relief in plaintiffs' First Amended Complaint does allege that defendant provided material support to a designated Foreign Terrorist Organization, which, if proven, would constitute a criminal violation. However, the motion for preliminary injunction is premised solely on alleged violations of the financial reporting requirements, which, in themselves, are neither criminal violations nor acts of international terrorism, as defined by the statute. The facts proffered by plaintiffs, even if proved at a hearing, go to whether the Bank has complied with its obligations under Section 2339B(a)(2) and do not address the facts that would be needed to prove a criminal violation under Section 2339B(a)(1). Therefore, there is no occasion to address plaintiffs' arguments as to the availability of injunctive relief under Section 2333(a). In the absence of a claim under Section 2333(a) in the preliminary injunction motion, the scope of relief available is academic.

■ Nor do plaintiffs have a basis for relief directly under Section 2339B(a)(2). The ATA expressly provides an enforcement scheme for violations of Section 2339B(a)(2), namely, civil penalties against the financial institutions covered by the Act and injunctions sought by the Attorney General.[2] This scheme does not include private actions for injunctive relief, and none will be implied. *See Conboy v. AT & T Corp.*, 241 F.3d 242, 254–56 (2d Cir.2001); *see also Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 619–20 (2d Cir.2002).

Plaintiffs' argument that Congress, in light of its stated purpose of disrupting the flow of terrorist financing, did not intend to provide the government with the exclusive authority to seek an injunction requiring financial institutions to comply with the statutory requirements found in Section 2339B(a)(2) is rejected. The plain language of the statute provides that "the *Attorney General* may initiate civil action ... to enjoin" violations of Section 2339B. 18 U.S.C. § 2339B(c) (emphasis added). As in the *Conboy* case, Congress has been explicit as to the right of action it has given to private litigants, namely, an action for damages under Section 2333(a). There is no reason to imply a private right of action to enforce the reporting requirements of financial institutions which are expressly made enforceable by the government.

In sum, the only relief sought by the preliminary injunction motion is to compel defendant to do what it is already required to do under threat of civil penalty and injunction sought by the Attorney General. Although the court is cognizant of the immensely serious nature of the allegations in this case, the ATA simply does not provide plaintiffs with a cause of action to enforce the requirements found in Section 2339B(a)(2).

provisions in the fifth claim of the First Amended Complaint and no legal basis offered in the motion papers for an order relating to these provisions; therefore, they will not be addressed further.

**2.** The government has been made aware by the parties of plaintiffs' allegations.

Finally, on October 5, 2004, at plaintiffs' request, I ordered that the documents relating to the preliminary injunction motion be sealed subject to further review. It now appears that there is no reason to continue the sealing.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction is denied. The court's order of October 5, 2004, providing for the sealing of documents filed in support of the motion for preliminary injunction is hereby lifted, and the documents are ordered unsealed.

**SO ORDERED.**